IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ALBUQUERQUE VALET PARKING
SERVICE, et al.**

        Plaintiffs,

vs.                                            Civ. No. 03-575 ACT/LFG

**FEDERAL AVIATION ADMINISTRATION,**

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the City of Albuquerque's Motion to Intervene filed July 1, 2003 (Docket No. 6) and Plaintiff's Motion for Filing (Docket No. 13) filed July 25, 2003.  Upon review of the pleadings and being otherwise advised in the premises, the Court finds that the City of Albuquerque's Motion to Intervene will be granted and Plaintiff's Motion for Filing will be granted in part.

This matter is an appeal from a decision of the Federal Aviation Administration ("FAA").  The FAA in its Final Agency Decision and Order of August 2, 2002 found that the Plaintiffs failed to substantive that the City of Albuquerque ("City") discriminated against them on the basis of sex and race when the City did not award a valet parking contract to their firm.  Plaintiffs filed their appeal of this decision in the Tenth Circuit. The Tenth Circuit  transferred this matter on May 12, 2003.

1

The City argues it should be allowed to intervene as of right, or at minimum on a permissive basis, under Fed.R. of Civ. P. 24. The Court notes that the City filed a Motion to Intervene when this matter was in the Tenth Circuit. The Tenth Circuit granted this motion on November 22, 2002. Thus, the City is a party to this action. *Alvarado v. J.C. Penney Co.*, 997 F.2d 803, 805 (10th CIr. 1993)(Once a party intervenes, it becomes a full participant in the suit and is treated just as if it were an original party vulnerable to complete adjudication of issues in litigation between intervenor and adverse party.).

Moreover, the City meets the requirements under Fed.R.Civ.P. 24 Under Rule 24, a party may intervene as of right if the application to intervene is timely, the applicant claims a legally protectable interest in the subject of the action, that interest may as a practical matter be impaired or impeded as a result of the litigation, and that interest is not adequately represented by any current party to the lawsuit. *Utahns for Better Transp. v. United States Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002). The motion was filed early in the litigation following its transfer from the Tenth Circuit. There is no prejudice to any party and the Court has not made any substantive rulings. The City has a interest relating to the transaction which is the subject of this action. The concession at issue in this matter is one out of hundreds of concessions that City uses to "generate revenue and fulfill its obligation under Federal law to be a self sustaining operation[s]." Memorandum, July 1, 2003, p. 6. The City certainly has an interest in defending how they award concession contracts and this interest would be impaired if the Court reverses the FAA decision. Finally, the City has shown that the presentation by the existing parties may be inadequate. This burden is minimal. *Coalition of Arizona /New Mexico Counties for*

*Stable Economic Growth v. Dep't. of Interior*, 100 F.3d 837, 844 (10th Cir. 1996). The FAA has an interest in defending its decision. The City has a different interest in defending their procedure in awarding concession contacts. This procedure affects federal monies for airport improvements.

In their Motion for Filing, Plaintiffs are seeking to file a Fax dated June 6, 2003 with an attached Consent to Proceed Before a U.S. Magistrate Judge. The Fax sheet will not be filed however, the Consent will be filed and entered on the docket.

**IT IS THEREFORE ORDERED** that the City of Albuquerque's Motion to Intervene is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Filing is granted in part and denied in part and that Plaintiffs' Consent to Proceed Before a U.S. Magistrate Judge will be filed and entered on the docket.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**